980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brian C. MERCHANT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3290.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1992.
 
 Before PAULINE NEWMAN, CLEVENGER and RADER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Brian C. Merchant appeals from the decision of the Merit Systems Protection Board sustaining the United States Postal Service's removal of Mr. Merchant from his position as a Mail Handler. Merchant v. United States Postal Service, No. AT07529110600 (MSPB Jan. 15, 1992). We affirm the decision of the Board.
 
 
 2
 * The Postal Service removed Mr. Merchant for unsatisfactory attendance. He was charged with seven instances of attendance-AWOL. Mr. Merchant appealed the removal to the Board. The Board's initial decision upheld the unsatisfactory attendance charges, including a substantial portion of the charged AWOL. The Administrative Judge reduced the charge of AWOL from January 7 through 25, 1991 by two days.
 
 
 3
 The Administrative Judge found that removal promoted the efficiency of the service, in that a nexus between the charge and the employee's ability to accomplish his duties satisfactorily had been shown, and that the penalty imposed was reasonable under the circumstances. In considering the reasonableness of the penalty the Administrative Judge considered the nature and seriousness of the offense along with other factors which included Mr. Merchant's prior past work and disciplinary record.
 
 
 4
 On appeal of the initial decision, the Board reduced the charged AWOL to ten hours. Although the AWOL charge was thus substantially reduced, the Board upheld the penalty of removal. The Board observed that Mr. Merchant had not challenged the findings as to the other six instances of attendance-related misconduct contained in the charge and held established by the Postal Service; that unauthorized absence is a serious offense which by its very nature disrupts the efficiency of the service; and that Mr. Merchant had a prior record of absences and tardiness and discipline based on these charges. The Board stated that this prior history revealed a record of progressive discipline which clearly put Mr. Merchant on notice that absence and tardiness were serious offenses, and that this history demonstrated that penalties less severe than removal had not been successful in modifying Mr. Merchant's conduct, nor could they be expected to deter such conduct in the future.
 
 B
 
 5
 On appeal to this court, Mr. Merchant argues that the Board's decision to uphold removal despite reducing the AWOL to only ten hours was arbitrary, capricious or contrary to law. Mr. Merchant also maintains that the penalty is now so disproportionate to the offenses charged as to constitute an abuse of discretion.
 
 
 6
 Mr. Merchant points to each instance of attendance-related misconduct, and urges that each is relatively insignificant, thereby precluding removal as a penalty too severe. This, however, is not the proper inquiry. The Board correctly reviewed the seven instances of attendance-related misconduct, taken together.
 
 
 7
 On the established misconduct, the Board has not acted arbitrarily, capriciously, contrary to law, or in abuse of its discretion, 5 U.S.C. § 7703(c), in upholding the removal. The decision is affirmed.